Rose Eberle, Respondent, v. Elmer Eberle and Others, Appellants.— Motion granted and appeal dismissed, with costs. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

The People of the State of New York, Respondent, v. Stanley Przybyl, Appellant.— Time for argument of appeal enlarged to and including the September term. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

Charles Van Every, Appellant, v. Royal Exchange Assurance of London, Respondent.— Motion granted and appeal dismissed, with costs. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

Stephen Matusak, Plaintiff, v. Charles E. Johnson, Defendant.— Appeal in four separate actions bearing the above title dismissed, without costs, upon stipulation filed. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

Victoria Matusak, an Infant, by Stephen Matusak, Her Guardian ad Litem, Plaintiff, v. Charles E. Johnson, Defendant.— Appeal dismissed, without costs, upon stipulation filed. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

Ljuba Matusak, Plaintiff, v. Charles E. Johnson, Defendant.— Appeal dismissed, without costs, upon stipulation filed. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

The People of the State of New York, Respondent, v. John Kwiatkowski, Appellant.— Time for argument of the appeal enlarged to and including the September term. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

Hannah Smith, Respondent, v. International Railway Company, Appellant.— Judgment affirmed, with costs. All concur, except Edgcomb, J., who dissents and votes for reversal and granting a new trial upon the ground that the plaintiff was guilty of contributory negligence as matter of law. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

In the Matter of the Judicial Settlement of the Accounts of Mary A. Kreag and Another, as Surviving Executors, etc., of J. Adam Kreag, Deceased.— Decree affirmed, with costs to respondents against the appellants. In our opinion the amount allowed by the learned surrogate for the services of the deceased executor was reasonable compensation for the services performed. We are not to be taken, however, as approving the rule for division of the services of a deceased executor stated in the surrogate's opinion. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

The People of the State of New York, Appellant, v. Clarence Jackway and Others, Respondents.— Judgment reversed on the law and facts, and a new trial granted, with costs to the appellant to abide the event, on the ground that the admission in evidence of defendants' Exhibit A was reversible error, and that the verdict of the jury is against the weight of the evidence. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.